Douglas V. Sanchez, Esq. (DS1565)
**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**
50 Tice Boulevard, Suite 250
Woodcliff Lake, New Jersey 07677
(201) 474-7100
Attorneys for Plaintiff AG 18, LLC

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AG 18, LLC, doing business as ARROW GAMING, <br><br> Plaintiff, <br><br> v. <br><br> DRAFTKINGS INC., <br><br> Defendant. | CIVIL ACTION NO. 2:21-CV-15737-KM-JSA <br><br> JURY TRIAL DEMANDED |

### PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Pursuant to Local Civil Rule 10.1, the address of Plaintiff AG 18, LLC, doing business under its registered trade name Arrow Gaming ("Plaintiff" or "Arrow Gaming"), is 5082 East Hampden Avenue, Suite 289, Denver, Colorado 80222. The address of Defendant DraftKings Inc. ("Defendant" or "DraftKings") is 221 River Street, Hoboken, New Jersey 07030. Arrow Gaming, by and through its undersigned counsel, complains against Defendant DraftKings and alleges as follows:

## I. PARTIES

1. Plaintiff AG 18, LLC is a Colorado limited liability company registered to do business under its trade name Arrow Gaming. Arrow Gaming is located at 5082 East Hampden Avenue, Suite 289, Denver, Colorado 80222.

2. Arrow Gaming is engaged in the design and development of technologies that enable the next generation of gaming and gambling technologies. Arrow Gaming's innovations have resulted in an extensive portfolio of United States patents, including U.S. Patent Nos. 9,613,498 ("the '498 Patent"), 9,978,205 ("the '205 Patent"), 10,497,220 ("the '220 Patent"), 10,614,657 ("the '657 Patent"), and 11,024,131 ("the '131 Patent") (collectively, the "Asserted Patents"). Arrow Gaming is the owner by assignment of all right, title, and interest to the Asserted Patents.

3. On information and belief, Defendant DraftKings Inc. is a Nevada corporation having executive offices at 222 Berkeley Street, Boston, Massachusetts 02116 and a regular and established place of business at 221 River Street, Hoboken, New Jersey 07030.

4. DraftKings is an entertainment and gaming company. DraftKings provides users with and sells daily fantasy sports ("Daily Fantasy"), sports betting ("Sportsbook"), and online casino gaming ("Casino"), among other offerings. DraftKings also is involved in the design, development, and licensing of sports betting and casino gaming software for online and retail sportsbook and casino gaming products. DraftKings offers Daily Fantasy, Sportsbook, and Casino online through its website and mobile applications. DraftKings has provided and continues to provide websites and related software, products, and services that practice the Asserted Patents without authorization from Arrow Gaming.

## II. JURISDICTION

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 284, and 285. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This United States District Court for the District of New Jersey has personal jurisdiction over Defendant because Defendant is present in and transacts and conducts business in and with residents of this District and the State of New Jersey.

7. Arrow Gaming's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of New Jersey.

8. Defendant has committed acts of infringing the Asserted Patents within this District and the State of New Jersey by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of New Jersey such infringing products. Defendant makes, uses, sells, offers for sale, advertises, promotes, markets, and/or otherwise commercializes such infringing products in this District and the State of New Jersey. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of New Jersey.

## III. VENUE

9. Venue is proper in this District against Defendant because Defendant has a physical place located in the District that is a regular and established place of business, and that place belongs to Defendant. *See In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017).

10. Specifically, Defendant maintains a regular and established place of business within this District at 221 River Street, Hoboken, New Jersey 07030.

## IV. THE ASSERTED PATENTS

### A. United States Patent Number 9,613,498

11. United States Patent Number 9,613,498 is titled "Systems and methods for peer-to-peer gaming" and was filed on June 19, 2009. The '498 Patent claims priority to United States Provisional Patent Application Number 61/074,572, which was filed on June 20, 2008. A true and correct copy of the '498 Patent is attached as Exhibit 1.

12. The '498 Patent claims patent-eligible subject matter and is valid and enforceable.

13. Claim 1 of the '498 Patent is an exemplary method claim. It recites:

> A computer-server-based method for peer-to-peer gaming, comprising:
> creating a list of player gaming options for a player in a current location,
>   wherein the list of player gaming options is automatically created at an administration server based on the current location of the player,
>   wherein the list of player gaming options is limited to legal gaming options in the current location of the player; and
>   wherein the legal gaming options include limits on waging amounts or types of games to prevent the player from unlawful play in the current location of the player:
> presenting a player with the list of player gaming options, wherein the list of player gaming options is presented to the player at a player gaming client;
> collecting a selection of player gaming options from the player,
>   wherein the selection of player gaming options includes a betting range;
> determining a game type that the player selected, wherein the game type is based on the selection of player gaming options;
> matching the player with an at least one competitor,
>   wherein matching the player with the at least one competitor is based at least in part on the betting range, and
>   wherein matching the player with the at least one competitor is performed by the administration server;
> collecting a bet from the player,
> wherein the bet is within the betting range identified in the selection of player gaming options;
> initiating a game for the player, wherein the game is based on the selection of player gaming options;
> collecting results of the game, wherein the results of the game are received at the administration server; and

compensating the player with player winnings, wherein the player winnings are based on the results of the game.

14. The '498 Patent's named inventors are Nicholas Koustas, John Mix, and Alexander Oxman.

15. On July 11, 2008 the named inventors conveyed all right, title, and interest in the invention of United States Provisional Patent Application Number 61/074,572 and its underlying patent applications to Avio Ventures, LLC by written assignments recorded in the United States Patent and Trademark Office.

16. On July 31, 2009 Avio Ventures, LLC conveyed all right, title, and interest in the invention of United States Provisional Patent Application Number 61/074,572 and its underlying patent applications to Arrow Gaming, Inc. by written assignments recorded in the United States Patent and Trademark Office.

17. On April 8, 2013 Arrow Gaming, Inc. conveyed all right, title, and interest in the invention of United States Patent Application Number 12/488,241 and its underlying patent applications to Plaintiff AG 18, LLC by written assignments recorded in the United States Patent and Trademark Office.

18. Arrow Gaming is the exclusive owner by assignment of all right, title, and interest in the '498 Patent, including the right to bring this suit for damages, including the right to sue and recover all past, present and future damages for infringement of the '498 Patent.

19. Defendant is not licensed under the '498 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '498 Patent whatsoever.

**B.  United States Patent Number 9,978,205**

20. United States Patent Number 9,978,205 is titled "Location based restrictions on networked gaming" and was filed on February 28, 2017. The '205 Patent is a continuation of

United States Patent Application Number 12/488,241, which claims priority to United States Provisional Patent Application Number 61/074,572, which was filed on June 20, 2008. A true and correct copy of the '205 Patent is attached as Exhibit 2.

21. The '205 Patent claims patent-eligible subject matter and is valid and enforceable.

22. Claim 1 of the '205 Patent is an exemplary method claim. It recites:

> A method comprising:
> creating a list of player gaming options for a player in a current location,
>> wherein the list of player gaming options is limited to legal gaming options in the current location of the player; and
>> wherein the legal gaming options include limits on waging amounts or types of games to prevent the player from unlawful play in the current location of the player;
> presenting a player with the list of player gaming options, wherein the list of player gaming options is presented to the player at a player gaming client;
> collecting a selection of player gaming options from the player;
> determining a game type that the player selected, wherein the game type is based on the selection of player gaming options;
> matching the player with an at least one competitor,
>> wherein matching the player with the at least one competitor is performed by an administration server;
> collecting a bet from the player,
>> wherein the bet is within a betting range identified in the selection of player gaming options;
> initiating a game for the player, wherein the game is based on the selection of player gaming options;
> collecting results of the game, wherein the results of the game are received at the administration server; and
> compensating the player with player winnings, wherein the player winnings are based on the results of the game.

23. The '205 Patent's named inventors are Nicholas Koustas, John Mix, and Alexander Oxman.

24. On July 11, 2008 the named inventors conveyed all right, title, and interest in the invention of United States Provisional Patent Application Number 61/074,572 and its underlying patent applications to Avio Ventures, LLC by written assignments recorded in the United States Patent and Trademark Office.

25. On July 31, 2009 Avio Ventures, LLC conveyed all right, title, and interest in the invention of United States Provisional Patent Application Number 61/074,572 and its underlying patent applications to Arrow Gaming, Inc. by written assignments recorded in the United States Patent and Trademark Office.

26. On April 8, 2013 Arrow Gaming, Inc. conveyed all right, title, and interest in the invention of United States Patent Application Number 12/488,241 and its underlying patent applications to Plaintiff AG 18, LLC by written assignments recorded in the United States Patent and Trademark Office.

27. Arrow Gaming is the exclusive owner by assignment of all right, title, and interest in the '205 Patent, including the right to bring this suit for damages, including the right to sue and recover all past, present and future damages for infringement of the '205 Patent.

28. Defendant is not licensed under the '205 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '205 Patent whatsoever.

C. **United States Patent Number 10,497,220**

29. United States Patent Number 10,497,220 is titled "Location based restrictions on networked gaming" and was filed on May 19, 2017. The '220 Patent is a continuation-in-part of United States Patent Application Number 15/444,409, which is a continuation of United States Patent Application Number 12/488,241, which claims priority to United States Provisional Patent Application Number 61/074,572, which was filed on June 20, 2008. A true and correct copy of the '220 Patent is attached as Exhibit 3.

30. The '220 Patent claims patent-eligible subject matter and is valid and enforceable.

31. Claim 1 of the '220 Patent is an exemplary method claim. It recites:

A method comprising:

    dynamically creating, by an administration server, a customized list of player gaming options for a player based, at least in part, on a current location of the player;
      wherein the customized list of player gaming options is limited to legal gaming options in a jurisdiction corresponding to the current location of the player; and
      wherein the legal gaming options include at least one of limits on wagering amounts or types of games to prevent the player from unlawful play in the current location of the player;
    generating a graphical user interface including the customized list of player gaming options;
    providing the graphical user interface for presentation to the player;
    receiving a selection from the customized list of player gaming options;
    collecting a bet from the player;
    verifying that the bet is within a betting range identified in the player gaming options;
    initiating a game for the player, wherein the game is based on the selection of player gaming options;
    collecting results of the game; and
    compensating the player with player winnings based on the results of the game.

  32.  The '220 Patent's named inventors are Jordan Simons, Nicholas Koustas, John Mix, and Alexander Oxman.

  33.  On July 11, 2008 the named inventors conveyed all right, title, and interest in the invention of United States Provisional Patent Application Number 61/074,572 and its underlying patent applications to Avio Ventures, LLC by written assignments recorded in the United States Patent and Trademark Office.

  34.  On July 31, 2009 Avio Ventures, LLC conveyed all right, title, and interest in the invention of United States Provisional Patent Application Number 61/074,572 and its underlying patent applications to Arrow Gaming, Inc. by written assignments recorded in the United States Patent and Trademark Office.

  35.  On April 8, 2013 Arrow Gaming, Inc. conveyed all right, title, and interest in the invention of United States Patent Application Number 12/488,241 and its underlying patent

applications to Plaintiff AG 18, LLC by written assignments recorded in the United States Patent and Trademark Office.

36. Arrow Gaming is the exclusive owner by assignment of all right, title, and interest in the '220 Patent, including the right to bring this suit for damages, including the right to sue and recover all past, present and future damages for infringement of the '220 Patent.

37. Defendant is not licensed under the '220 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '220 Patent whatsoever.

**D.  United States Patent Number 10,614,657**

38. United States Patent Number 10,614,657 is titled "Location based restrictions on networked gaming" and was filed on May 17, 2018. The '657 Patent is a continuation of United States Patent Application Number 15/444,409, which is a continuation of United States Patent Application Number 12/488,241, which claims priority to United States Provisional Patent Application Number 61/074,572, which was filed on June 20, 2008. A true and correct copy of the '657 Patent is attached as Exhibit 4.

39. The '657 Patent claims patent-eligible subject matter and is valid and enforceable.

40. Claim 1 of the '657 Patent is an exemplary method claim. It recites:

> A method for operating a gaming client, the method comprising:
> receiving, from an administration server, a list of player gaming options for a player in a current location,
> > wherein the list of player gaming options is limited to gaming options allowed in the current location of the player, and
> > wherein the gaming options include limits on waging amounts or types of games to prevent the player from unlawful play in the current location of the player;
> displaying, on the gaming client, the list of player gaming options;
> monitoring an interface on the gaming client to identify a selection of player gaming options selected by the player in response to the list of player gaming options being displayed on the gaming client;

transmitting, to the administrative server, the selection of gaming player option selected by the player to initiate a matching of the player with an at least one competitor;
collecting, via the gaming client, a bet from the player,
wherein the bet is within a betting range identified in the selection of player gaming options;
initiating, on the gaming client, a game for the player, wherein the game is based on the selection of player gaming options; and
compensating the player with player winnings based on results of the game.

41. The '657 Patent's named inventors are Nicholas Koustas, John Mix, and Alexander Oxman.

42. On July 11, 2008 the named inventors conveyed all right, title, and interest in the invention of United States Provisional Patent Application Number 61/074,572 and its underlying patent applications to Avio Ventures, LLC by written assignments recorded in the United States Patent and Trademark Office.

43. On July 31, 2009 Avio Ventures, LLC conveyed all right, title, and interest in the invention of United States Provisional Patent Application Number 61/074,572 and its underlying patent applications to Arrow Gaming, Inc. by written assignments recorded in the United States Patent and Trademark Office.

44. On April 8, 2013 Arrow Gaming, Inc. conveyed all right, title, and interest in the invention of United States Patent Application Number 12/488,241 and its underlying patent applications to Plaintiff AG 18, LLC by written assignments recorded in the United States Patent and Trademark Office.

45. Arrow Gaming is the exclusive owner by assignment of all right, title, and interest in the '657 Patent, including the right to bring this suit for damages, including the right to sue and recover all past, present and future damages for infringement of the '657 Patent.

46. Defendant is not licensed under the '657 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '657 Patent whatsoever.

**E. United States Patent Number 11,024,131**

47. United States Patent Number 11,024,131 is titled "Location based restrictions on networked gaming" and was filed on December 2, 2019. The '131 Patent is a continuation of United States Patent Application Number 15/600,584, which is a continuation-in-part of United States Patent Application Number 15/444,409, which is a continuation of United States Patent Application Number 12/488,241, which claims priority to United States Provisional Patent Application Number 61/074,572, which was filed on June 20, 2008. A true and correct copy of the '131 Patent is attached as Exhibit 5.

48. The '131 Patent claims patent-eligible subject matter and is valid and enforceable.

49. Claim 1 of the '131 Patent is an exemplary method claim. It recites:

> A method comprising:
> identifying a location of a player;
> dynamically creating a customized list of player gaming options for the player based, at least in part, on the location of the player,
>> wherein the customized list of player gaming options includes authorized gaming options in a jurisdiction corresponding to the location of the player;
> presenting, via a graphical user interface, the customized list of player gaming options to the player;
> receiving, from the player via the graphical user interface, a selection of a game to play from the customized list of player gaming options;
> collecting a bet from the player;
> initiating the game based on the selection by the player;
> collecting results of the game; and
> compensating the player with player winnings based on the results of the game.

50. The '131 Patent's named inventors are Jordan Simons, Nicholas Koustas, John Mix, and Alexander Oxman.

51. On July 11, 2008 the named inventors conveyed all right, title, and interest in the invention of United States Provisional Patent Application Number 61/074,572 and its underlying

patent applications to Avio Ventures, LLC by written assignments recorded in the United States Patent and Trademark Office.

52. On July 31, 2009 Avio Ventures, LLC conveyed all right, title, and interest in the invention of United States Provisional Patent Application Number 61/074,572 and its underlying patent applications to Arrow Gaming, Inc. by written assignments recorded in the United States Patent and Trademark Office.

53. On April 8, 2013 Arrow Gaming, Inc. conveyed all right, title, and interest in the invention of United States Patent Application Number 12/488,241 and its underlying patent applications to Plaintiff AG 18, LLC by written assignments recorded in the United States Patent and Trademark Office.

54. Arrow Gaming is the exclusive owner by assignment of all right, title, and interest in the '131 Patent, including the right to bring this suit for damages, including the right to sue and recover all past, present and future damages for infringement of the '131 Patent.

55. Defendant is not licensed under the '131 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '131 Patent whatsoever.

## V. THE ACCUSED INSTRUMENTALITIES

56. Defendant makes, uses, sells, and/or offers to sell infringing products, including DraftKings Daily Fantasy and DraftKings Casino (collectively, the "Accused Instrumentalities"), which practice claims of the Asserted Patents.

57. DraftKings Daily Fantasy practices the '498 Patent, including but not limited to Claims 1, 2, 3, 6, 8, 10, 11, 12, 13, 15, and 16. An illustrative claim chart showing DraftKings Daily Fantasy's infringement of the '498 Patent is attached as Exhibit 6 and incorporated by reference as if fully stated herein.

58. DraftKings Daily Fantasy practices the '205 Patent, including but not limited to Claims 1, 2, 3, 6, 8, 11, 12, 14, 19, 21, and 22. An illustrative claim chart showing DraftKings Daily Fantasy's infringement of the '205 Patent is attached as Exhibit 7 and incorporated by reference as if fully stated herein.

59. DraftKings Casino practices the '205 Patent, including but not limited to Claims 12, 19, 21, and 22. An illustrative claim chart showing DraftKings Casino's infringement of the '205 Patent is attached as Exhibit 8 and incorporated by reference as if fully stated herein.

60. DraftKings Daily Fantasy practices the '220 Patent, including but not limited to Claims 1, 2, 7, 27, 28, and 30. An illustrative claim chart showing DraftKings Daily Fantasy's infringement of the '220 Patent is attached as Exhibit 9 and incorporated by reference as if fully stated herein.

61. DraftKings Casino practices the '220 Patent, including but not limited to Claims 1, 7, 28, and 30. An illustrative claim chart showing DraftKings Casino's infringement of the '220 Patent is attached as Exhibit 10 and incorporated by reference as if fully stated herein.

62. DraftKings Daily Fantasy practices the '657 Patent, including but not limited to Claims 1, 6, 8, 9, 12, 13, 14, 16, 21, 23, 24, and 26. An illustrative claim chart showing DraftKings Daily Fantasy's infringement of the '657 Patent is attached as Exhibit 11 and incorporated by reference as if fully stated herein.

63. DraftKings Casino practices the '657 Patent, including but not limited to Claims 9, 12, and 13. An illustrative claim chart showing DraftKings Casino's infringement of the '657 Patent is attached as Exhibit 12 and incorporated by reference as if fully stated herein.

64. DraftKings Daily Fantasy practices the '131 Patent, including but not limited to Claims 1, 2, 7, 8, 10, 13, 14, 15, and 29. An illustrative claim chart showing DraftKings Daily

Fantasy's infringement of the '131 Patent is attached as Exhibit 13 and incorporated by reference as if fully stated herein.

65. DraftKings Casino practices the '131 Patent, including but not limited to Claims 1, 2, 7, 8, 13, 14, 15, and 29. An illustrative claim chart showing DraftKings Casino's infringement of the '131 Patent is attached as Exhibit 14 and incorporated by reference as if fully stated herein.

## VI. COUNT 1: DIRECT INFRINGEMENT

66. All previous paragraphs are incorporated herein as if fully set forth.

67. Defendant has directly infringed and continues to directly infringe the Asserted Patents under 35 U.S.C. §§ 271(a) and 271(g) by making, using, selling, offering to sell, and/or importing in or into the United States the Accused Instrumentalities that practice the Asserted Patents.

68. The Accused Instrumentalities directly infringe the '498 Patent, including but not limited to Claims 1, 2, 3, 6, 8, 10, 11, 12, 13, 15, and 16; (2) the '205 Patent, including but not limited to Claims 1, 2, 3, 6, 8, 11, 12, 14, 19, 21, and 22; (3) the '220 Patent, including but not limited to Claims 1, 2, 7, 27, 28, and 30; (4) the '657 Patent, including but not limited to Claims 1, 6, 8, 9, 12, 13, 14, 16, 21, 23, 24, and 26; and (5) the '131 Patent, including but not limited to Claims 1, 2, 7, 8, 10, 13, 14, 15, and 29.

## VII. COUNT 2: INDUCED INFRINGEMENT

69. All previous paragraphs are incorporated herein as if fully set forth.

70. Defendant has indirectly infringed and continue to indirectly infringe the Asserted Patents under 35 U.S.C. § 271(b) by taking active steps to induce, encourage, facilitate, aid, or otherwise cause direct infringement by others, including but not limited to users of DraftKings Daily Fantasy and DraftKings Casino.

71. Defendant has had notice and knowledge of the Asserted Patents and their infringement thereof since at least the filing of this Complaint.

72. Defendant undertook and continues to undertake the above-identified active steps after receiving notice of the Asserted Patents.

## IX. JURY DEMAND

73. Plaintiff hereby demands a trial by jury for all causes of action.

## X. PRAYER FOR RELIEF

74. Plaintiff requests the following relief:

A. A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the Asserted Patents;

B. A judgment that Defendant has induced infringement of the Asserted Patents;

C. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

D. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

E. A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

F. A judgment and order awarding a compulsory ongoing royalty;

G. A judgment and order awarding Plaintiff costs associated with bringing this action; and

H. Such other and further relief as the Court deems just and equitable.

Dated: October 12, 2021

Respectfully submitted,

By: _____
Douglas V. Sanchez
dsanchez@cmlawfirm.com
CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP
50 Tice Boulevard, Suite 250
Woodcliff Lake, New Jersey 07677
(201) 474-7100


Michael W. Shore (Texas 18294915)
mshore@shorechan.com
Alfonso G. Chan (Texas 24012408)
achan@shorechan.com
Corey M. Lipschutz (Texas 24099303)
clipschutz@shorechan.com
SHORE CHAN LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

**COUNSEL FOR PLAINTIFF AG 18, LLC**

## CERTIFICATE OF SERVICE

I certify that all counsel of record were served on October 12, 2021 by electronic service through the Court's CM/ECF system.

_____
Douglas V. Sanchez

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AG 18, LLC d/b/a ARROW GAMING

**DEFENDANTS**
DRAFTKINGS, INC.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DOUGLAS V. SANCHEZ
50 TICE BOULEVARD, SUITE 250
WOODCLIFF LAKE, NJ 07677 (201) 474-7100

Attorneys *(If Known)*
JAMES E. CECCHI
5 BECKER FARM ROAD
ROSELAND, NJ 07068-1739 (973) 994-1700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☒ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. § 1 et seq., 35 U.S.C. §§ 271, 281, 284, 285
Brief description of cause:
PATENT INFRINGEMENT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
10/12/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.